FILED

FEB 2 6 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY** | Civil Action No. 5:20-CV-70-BO |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **ROADMARK CORPORATION,** | |
| **Defendant.** | |

Plaintiff Zurich American Insurance Company ("ZAIC"), by way of Complaint against Defendant Roadmark Corporation ("Roadmark") states as follows:

### JURISDICTIONAL ALLEGATIONS

1.      ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in the State of North Carolina.

2.      Roadmark is a corporation formed under the laws of the State of North Carolina with its principal place of business at 900 E. C. Street, Butner, North Carolina 27509.

3.      The amount in controversy between the parties is in excess of $75,000.00.

4.      Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

### FACTUAL BACKGROUND

5.      ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6.      ZAIC issued a policy of workers compensation insurance to Roadmark under Policy No. WC-0275918-00 for the effective dates of April 17, 2017 to April 17, 2018 ("2017 Policy").

7.      ZAIC issued a policy of workers compensation insurance to Roadmark under Policy No. WC-0275918-01 for the effective dates of April 17, 2018 to April 17, 2019 ("2018 Policy").

8.      ZAIC issued a policy of general liability insurance to Roadmark under Policy No. GLO 0230311-01 for the effective dates of December 31, 2016 to December 21, 2017 ("GLO Policy").

9.      The 2017 Policy, 2018 Policy and GLO Policy are hereinafter collectively referred to as the "Policies".

10.     The Policies are insurance contract which provided coverage to Roadmark for certain liabilities as set forth in the Policies.

11.     ZAIC fulfilled its contractual obligations and provided coverage afforded by the Policies.

12.     Pursuant to the terms of the Policies, initial premiums for the Policies are based on estimated information submitted by Roadmark regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

13.     Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

14.     The earned premium for the 2017 Policy, including initial premiums, endorsements and audit adjustments totaled $98,317.00 due and owing by Roadmark to ZAIC.

15. The earned premium for the 2018 Policy, including initial premiums, endorsements and audit adjustments totaled $229,255.00 due and owing by Roadmark to ZAIC.

16. The earned premium for the GLO Policy, including initial premiums, endorsements and audit adjustments totaled $22,710.38 due and owing from ZAIC to Roadmark.

17. Roadmark is currently indebted to ZAIC in the amount of $350,282.38 ($98,317.00 + $229,255.00 + $22,710.38) for its failure and refusal to remit payment of the earned premiums for the Policies ("Earned Premiums").

18. ZAIC issued invoices and/or demands for payment of the Earned Premiums in a timely fashion.

19. ZAIC has repeatedly demanded payment of the $350,282.38 owed by Roadmark to ZAIC and has attempted to collect same without success.

20. Roadmark has failed, refused and continues to refuse to remit payment of the Earned Premiums which Roadmark owes to ZAIC pursuant to the terms of the Policies, thereby resulting in damages to ZAIC in the amount of $350,282.38.

## COUNT ONE
### (Breach of Contract)

21. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 19 as if fully set forth herein.

22. Roadmark had failed, refused and continues to refuse to remit payment of the Earned Premiums in the amount of $350,282.38 pursuant to the terms of the Policies.

23. Roadmark breached the insurance contracts between the parties by its failure and refusal to remit payment of the Earned Premiums which it owes to ZAIC for the Policies.

24. ZAIC, on numerous occasions prior to the filing of the instant litigation, demanded payment of the $350,282.38 owed by Roadmark and attempted to collect same without success.

25.     Roadmark has failed, refused and continues to refuse to pay the balance due and owing to ZAIC.

26.     As a result of Roadmark breach of the insurance contracts, ZAIC has suffered damages in the amount of $350,282.38, plus attorney's fees, interest and costs.

**WHEREFORE**, ZAIC demands judgment against Roadmark in the amount of $350,282.38 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### (Account Stated)

27.     ZAIC repeats, restates and realleges the allegations of Paragraph 1 through 4 of this Complaint as if fully set forth herein.

28.     ZAIC presented a statement of account to Roadmark.

29.     Roadmark did not dispute the statement of account.

30.     Roadmark has failed to provide any information or documents identifying an error in the account statement.

31.     Roadmark, being indebted to ZAIC upon accounts stated between them, promised to pay ZAIC upon demand.

32.     ZAIC has demanded that Roadmark remit payment for the account owed to ZAIC. Roadmark, however, has failed and refused to remit payment.

33.     As a result of the foregoing, ZAIC has suffered damages in the amount of $350,282.38.

**WHEREFORE**, ZAIC demands judgment against Roadmark in the amount of $350,282.38 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Unjust Enrichment)

34.     ZAIC repeats, restates and realleges the allegations of Paragraph 1 through 4 of this Complaint as if fully set forth herein.

35.     ZAIC provided insurance coverage and related services for Roadmark for which Roadmark has refused to pay and has been unjustly enriched thereby.

36.     Roadmark accepted the insurance provided by ZAIC.

37.     ZAIC, prior to the filing of the instant litigation, demanded payment of the $350,282.38 and attempted to collect same without success.

38.     As a result of Roadmark unjust enrichment, ZAIC has suffered damages in the amount of $350,282.38, plus attorney's fees, interest and costs.

**WHEREFORE**, ZAIC demands judgment against Roadmark in the amount of $350,282.38 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

Dated: February 20, 2020

Respectfully submitted,

**TAYLOR ENGLISH DUMA LLP**

BY: R. Scott Tobin, Esq.
North Carolina Bar No. 34317
4208 Six Forks Road, Suite 1000
Raleigh, North Carolina 27609
Telephone: (713) 626-1386
stobin@taylorenglish.com

**ATTORNEY FOR PLAINTIFF**