IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-70-BO

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) ROADMARK CORPORATION, ) ) Defendant. ) | **ORDER & DEFAULT JUDGMENT** |

This matter is before the clerk on the motion for default judgment [DE-14] filed by plaintiff Zurich American Insurance Company. For the reasons set forth below, the motion is GRANTED in part.

## DISCUSSION

Plaintiff commenced this action on February 26, 2020 by filing a complaint alleging a claim for breach of contract and a claim for account stated arising out of defendant Roadmark Corporation's alleged failure to pay premium obligations for two workers compensation insurance policies and a general liability insurance policy. In the complaint, plaintiff seeks damages in the amount of $350,282.38 along with attorney's fees, costs, and interest.

On July 23, 2020, the undersigned entered default against defendant for failure to answer. Plaintiff filed the instant motion for default judgment on December 7, 2020, relying upon the declarations of Julianne Cook, Dennis E. Kadian, and its attorney, R. Scott Tobin. Plaintiff now seeks judgment pursuant to Fed. R. Civ. P. 55(b)(1) in the amount of $350,282.38, plus attorneys' fees and costs totaling $23,853.30.

The clerk is empowered to enter default judgment where the defendant has not appeared in the action and the plaintiff's claims are for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). In this action, defendant has defaulted for failure to appear, and plaintiff's claims are for a sum that can be made certain by computation—the amount of premiums owed under the issued policies: $350,252.38. Accordingly, to the extent that plaintiff seeks judgment in the amount of $350,252.38, the motion for default judgment is granted.

Plaintiff also seeks, however, attorney's fees and costs in the amount of $28, 853.90. Under North Carolina law, "a successful litigant many not recover attorneys fees, whether as costs or as an item of damages, unless such recovery is expressly authorized by statute." Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E 2d. 812, 814 (1980). Plaintiff cites no statute authorizing attorney's fees under these circumstances, and consequently, its request for such fees must be denied. After entry of this default judgment, Plaintiff may file an application for allowable costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54.1.

## CONCLUSION

For the foregoing reasons, the motion for default judgment [DE-14] is GRANTED in part. Default judgment is hereby entered against defendant Roadmark Corporation in favor of plaintiff Zurich American Insurance Company in the amount of $350,252.38.

SO ORDERED. This the  17  day of February, 2021.

Peter A. Moore, Jr.
Clerk of Court

2

Case 5:20-cv-00070-BO   Document 16   Filed 02/17/21   Page 2 of 2